UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED
JUN 06 2016 EW
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Donald Johnson )
_____ )
_____ )
_____ )
(Name of the plaintiff or plaintiffs) )

v. Randy Noe
Norfolk Southern
Rail Corporation
     road
United Transportation Union
(Name of the defendant or defendants)

CIVIL ACTION

NO. _____

1:16-cv-05889
Judge Manish S. Shah
Magistrate Judge Maria Valdez

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**

1. This is an action for employment discrimination.

2. The plaintiff is Donald Johnson of the county of Cook-Lake in the state of Illinois-Indiana.

3. The defendant is Randy Noe / Dave Wier — United transportation Union, whose street address is Norfolk Southern / Randy Noe / Dave Wier 3 Commercial Place / 5156 White Oak Drive, Smithton, Illinois 62285
(city) Norfolk (county) _____ (state) Virginia (ZIP) 23510-2191
(Defendant's telephone number) (757)-533-4887 — Randy Noe
216 712-1945 — Dave Wier

4. The plaintiff sought employment or was employed by the defendant at (street address) 4000 South Ashland Ave (city) Chicago (county) Cook (state) Illinois (ZIP code) _____

5. The plaintiff [*check one box*]

   (a) ☐ was denied employment by the defendant.

   (b) ☐ was hired and is still employed by the defendant.

   (c) ☒ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about,
   (month) February, (day) 15, (year) 2011.

7.1 **_(Choose paragraph 7.1 or 7.2, do not complete both.)_**

   (a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*] ☐ *has not* ☒ *has* filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

   (i) ☒ the United States Equal Employment Opportunity Commission, on or about (month) 6 (day) 22 (year) 2015.

   (ii) ☒ the Illinois Department of Human Rights, on or about (month) 9 (day) 3 (year) 2011.

   (b) If charges *were* filed with an agency indicated above, a copy of the charge is attached. ☒ YES. ☐ NO, **but plaintiff will file a copy of the charge within 14 days.**

   It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and

   (a) the plaintiff previously filed a Complaint of Employment Discrimination with the defendant asserting the acts of discrimination indicated in this court complaint.

2

☒ Yes (month) 6 (day) 22 (year) 2015

☐ No, did not file Complaint of Employment Discrimination

(b) The plaintiff received a Final Agency Decision on (month) 3 (day) 16 (year) 2016

(c) Attached is a copy of the

(i) Complaint of Employment Discrimination,

☒ YES ☐ NO, but a copy will be filed within 14 days.

(ii) Final Agency Decision

☒ YES ☐ NO, but a copy will be filed within 14 days.

8. *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☐ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue.*

(b) ☒ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month)_____ (day)_____ (year)_____ a copy of which *Notice* is attached to this complaint.

9. The defendant discriminated against the plaintiff because of the plaintiff's *[check only those that apply]*:

(a) ☒ Age (Age Discrimination Employment Act).

(b) ☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

3

(c) ☒ Disability (Americans with Disabilities Act or Rehabilitation Act)

(d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e) ☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

(g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant [*check only those that apply*]

(a) ☐ failed to hire the plaintiff.

(b) ☒ terminated the plaintiff's employment.

(c) ☐ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☒ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☒ failed to stop harassment;

(g) ☒ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☐ other (specify):_____

_____

_____

_____

_____

13. The facts supporting the plaintiff's claim of discrimination are as follows:

The defendents medical department made false statements saying that I have a medical condition, that my theraphist said, and he never told them that. Which I get mentally fatigued while walking. Thus damaging his role as a health care provider and destroying my life. This is a Violation of HIPAA law 18 US Code § 1035

14. **[AGE DISCRIMINATION ONLY]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☒ YES ☐ NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

  (a) ☐ Direct the defendant to hire the plaintiff.

  (b) ☐ Direct the defendant to re-employ the plaintiff.

  (c) ☐ Direct the defendant to promote the plaintiff.

  (d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

  (e) ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

  (f) ☒ Direct the defendant to (specify): Pay damages for Stress, loss of years wages, loss of family, property, defamation of Character, Postal Fraud, Railroad Retirement pension Credits

_____

_____

_____

_____

_____

(g) ☒ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☐ Grant such other relief as the Court may find appropriate.

(Plaintiff's signature)
*Donald Johnson*

(Plaintiff's name)
Donald Johnson

(Plaintiff's street address)
8732 Michigan Ave

_____

(City) Chicago (State) Illinois (ZIP) 60619

(Plaintiff's telephone number) 219-614-3194

Date: 6-6-16

6



# JEFFREY R. ROBERTSON
## Licensed Clinical Social Worker
### 6840 Prairie Run Ave, Portage, IN 46368 Ph: 763-4767

5/11/16

This correspondence is regard to the letter dated May 24, 2011, certified mail receipt number 70102780000124820798 from Norfolk Southern Corporation concerning Donald Johnson fitness for work duty. Your medical department states that I said that Mr. Johnson could not perform his job duties, meaning that he gets fatigued while walking. I never communicated that to you. Where did you get this erronious information from? This is a clear violation of HIPPA law False Statement Relating to Health Care Matters (18 US code s 1035) Show me that documentation that you said you recieved from me.

Thank you for your time concerning this client and please feel free to contact me as needed. I am an Indiana Licensed Clinical Social Worker in the practice of psychotherapy since 1982. I have specialty training in adult and child individual/family psychotherapy with expertise in the areas of depression, abuse/trauma recovery, addictions, and couple therapy. I have been recognized as a "Counselor Expert Witness" and have testified in Lake, Jasper, Newton, Porter and Starke County Courts since 1982. Since 1996, I have been appointed as a Lake and Porter County Guardian Et Litem & Counselor for children and their families.

Sincerely,

Jeffrey R. Robertson, LCSW

IN Licensed Clinical Social Worker

**NS**

Norfolk Southern Corporation
Three Commercial Place
Norfolk, Virginia 23510-9202

C. Ray Prible, M.D
Director Medical Services

File Number
776410

May 24, 2011

EIN: 0439858

Certified Mail Receipt: 7010 2780 0001 2482 0798

Donald Johnson
607 Cambridge Court
Munster, IN 46321-2828

Dear Mr. Johnson:

The Norfolk Southern Medical Department has received information in February 2011 indicating that you were under the care of a mental health provider and that you were having difficulty performing your job duties due to fatigue when walking. To date, we have not received any medical information regarding your current medical status. We did receive a letter dated May 23, 2011 from Dr. Kovachevich indicating that you have not been seen or treated in his office since November 2010. Additional medical information is needed to fully evaluate your current fitness for service as a Conductor with respect to your mental health condition and fatigue when walking condition.

You may not perform railroad service until the Medical Department determines your fitness for service. This letter will advise you what actions you must take to receive medical clearance for your return to duty.

**With respect to your reported mental health treatment**, please have your treating mental health provider provide a detailed, written, narrative report since February 2011, that specifically addresses your mental health condition, in particular:

- Your diagnosis(es), including date first diagnosed
- History of your mental health disorder since first diagnosed (including all hospitalizations, progress with treatment, and severity and frequency of any relapses)
- Current symptoms
- Treatment recommendations (including prescribed medication and any adverse side effects you may be experiencing, and the frequency of psychotherapy sessions)
- The control and stability of your condition (including date of your most recent relapse, and time period over which your condition has most recently been stable and controlled)
- Your compliance with recommended treatment (including medication, psychotherapy, and doctor's office visits)
- His/her familiarity with the essential job functions of your safety sensitive position as a Conductor

- His/her recommendations for any work restrictions and/or accommodations currently deemed necessary (and if any, the anticipated duration of) to enable you to safely perform your safety sensitive work as a Conductor with respect to your mental health condition

**With respect to your condition of being easily fatigued when walking,** I recommend that you follow up with your doctor for further evaluation of these symptoms. Upon completion of your doctor's evaluation, please have your doctor provide the results of his/her evaluation and any related medical records. Additionally please have your doctor provide us with a written statement that specifically addresses:

- Diagnosis(es), if any
- Current symptoms
- Current physical examination findings
- Treatment plan (including prescribed medication and any adverse medication side effects you may be experiencing; as well as recommendations for physical therapy, work conditioning and/or work hardening as appropriate)
- The stability and control of your condition(s)
- His/her recommendations for any functional limitations, work restrictions and/or accommodations currently deemed necessary (and if any, the anticipated duration of).

The above requested information should be sent directly to the Norfolk Southern Medical Department at the address noted on the above letterhead or via toll-free FAX to: 1-866-627-0592.

Please ensure that the above requested information is provided as promptly as possible to enable the Medical Department to render a prompt decision. **I recommend that you provide your treating physician(s) with a copy of this letter to ensure that the requested documentation will be provided to the Medical Department.**

*Physicians may charge a fee for the production of the above requested medical records and/or information. Please be advised that, while the Norfolk Southern Medical Department does not cover this fee or any cost associated with the diagnosis, evaluation or treatment of the above medical condition(s), your personal health insurance carrier likely does. Accordingly, in the event you have any questions regarding the coverage of these expenses, you should contact your health insurance carrier.*

You may be eligible to receive sickness benefits from the Railroad Retirement Board (RRB). To receive sickness benefits, you must complete and file a Form SI-1ab, Application for Sickness Benefits, within ten (10) days from the first day you want to claim benefits. You may obtain an application from your local RRB field office (1-877-772-5772), the RRB web site at www.RRB.gov, your employer, or labor organization.

If you are covered by a supplemental sickness benefit plan, your benefit administrator will require proof of disability to either resume or continue your benefits. This letter serves as your temporary proof of disability and it is your responsibility to provide the administrator with this proof. Norfolk Southern has advised the benefits administrator

that a medical hold must be accepted as proof of disability. In order to ensure your continued certification, you must submit any required medical documentation to the Carrier's Medical Department.

If you are covered by a supplemental sickness plan, you have been given a <u>Summary Plan Description</u>. That booklet contains all the information you need to file a claim for benefits including a toll-free phone number to contact a service representative who will answer your questions and provide assistance.

If you or your treating physician(s) have any questions or concerns, you may contact the Medical Department at 800-552-2306. A toll-free employee information line also has been established for your convenience at 877-737-0746.

Sincerely,

*[signature]*



Norfolk Southern Corporation
Law Department
Three Commercial Place
Norfolk, Virginia 23510-9241

Jason M. Morris
Assistant General Attorney

(757) 629-2759
(757) 629-2607 (FAX)
Jason.Morris2@nscorp.com

September 10, 2012

Donald Johnson
P.O. Box 3392
Munster, IN 46321

Dear Mr. Johnson,

    Your August 9, 2012 letters to Jeffrey H. Burton and Thomas A. Shumaker have been forwarded to me for review and response.

    My review shows that almost all of the issues raised in your letters have been previously investigated, and the conclusions have properly addressed your complaints. An investigation will not be reopened. As to your claim about your HIPAA rights, there is no indication that a HIPAA violation has occurred, because there has not been a wrongful use or disclosure of your protected health information by a covered entity.

    Finally, your demand for a "settlement from the railroad" is denied. Thank you.

Sincerely,

*Jason M. Morris*

Jason M. Morris

cc: T. A. Shumaker

Operating Subsidiary Norfolk Southern Railway Company